IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| LINDA LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 6:06-cv-01945-JEO |
| ) | |
| SEARS, ROEBUCK & CO., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Before the court is the motion to dismiss filed by defendant Clyde Lee Godwin ("Godwin"), doing business as G&C Enterprises (doc. 14),[1] and the plaintiff's motion to remand (doc. 18). As will be discussed below, the motion to remand is due to be granted and the motion to dismiss is due to be addressed by the Circuit Court of Walker County, Alabama.

### BACKGROUND

The plaintiff, Linda F. Long ("Long" or "the plaintiff"), filed a complaint in the Circuit Court of Walker County on July 18, 2006, against defendant Sears, Roebuck & Company, Inc. ("Sears"). She asserted a negligence claim as a result of a fall she sustained at the Sears store in Jasper, Alabama, on July 27, 2004. This action was removed to this court on September 27, 2006, premised upon diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

Counsel for the plaintiff and Sears corresponded by letter, email, and telephone regarding setting up depositions of the plaintiff, the plaintiff's witnesses, and employees of Sears. On November 2, 2006, counsel for Sears wrote, by email, the plaintiff's attorney advising him that

---

[1] References herein to "Doc. ___" are to the document numbers assigned by the Clerk of the Court and located at the top of each document.

defendant Godwin was probably the Sears employee that the plaintiff's counsel would want to depose. The deposition of Godwin was taken in Jasper, Alabama, on December 8, 2006. At that time, Godwin testified that he operated the Sears store as a sole proprietorship in the name of Clyde L. Godwin, doing business as "G & C Enterprizes [sic] d/b/a Sears, Roebuck & Company." (Godwin Dep. at pp. 7-9).[2] Godwin testified he met with the Sears lawyer three to four weeks prior to his deposition and he previously had two discussions with counsel for Sears. (*Id*. at p. 94). Godwin was added as a party defendant in this action on motion (doc. 8) of the plaintiff on December 12, 2006. It was unopposed by counsel for Sears. (Doc. 9).

Defendant Godwin filed a motion to dismiss on February 22, 2007. (Doc. 14). He asserts that the claim against him is barred by the applicable statute of limitations. *Id*. The plaintiff responds that the claim relates back to the filing of the complaint against Sears. On April 9, 2007, the motion to dismiss was set for a hearing on April 18, 2007. The parties were informed in the order setting the hearing that they should be prepared to address the issue of whether the court lacked diversity jurisdiction due to the presence of Godwin. On April 13, 2007, the plaintiff filed a motion to remand. (Doc. 18). The motion to remand is opposed by defendant Godwin. (Doc. 19).[3] The hearing was conducted as scheduled.

Because of the primacy of the jurisdictional question, it will be addressed first. In view of the court's determination of that issue, the motion to dismiss will be left for resolution by the Circuit Court of Walker County upon remand.

---

[2]The deposition is located at document 16.

[3]The undersigned has consent jurisdiction to handle this matter pursuant to 28 U.S.C. § 636. *See* Doc. 15.

2

**STANDARD OF REVIEW**

Because federal courts are courts of limited jurisdiction, the defendant carries the burden of showing the propriety of this court's removal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162 (1997). Any ambiguities are to be construed against removal because the removal statute should be strictly construed in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 165 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

**DISCUSSION**

Any civil action brought in state court may be removed to federal court by the defendant if the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). District courts have subject matter jurisdiction over civil actions that present a federal question or in which diversity of citizenship exists. *See* 28 U.S.C. §§ 1331 & 1332. Diversity jurisdiction exists when the civil action is between "citizens of different States" and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). As just noted, when a case is removed to federal court, the defendant carries the burden of proving that the federal court has subject matter jurisdiction.

In this case, diversity of citizenship is the disputed issue. Defendant Godwin contends that the amendment in this case should be disallowed and the case against him dismissed. (Doc. 19). Otherwise, he asserts he will be dismissed in state court and the case would then be subject to removal. *Id*. at ¶ 5.

The undersigned is convinced that the court lacks diversity jurisdiction in this matter due to the presence of Godwin as the apparent real party in interest. The plaintiff and Godwin are

3

both residents of Alabama. Accordingly, this court is not in a position to address the motion to dismiss. Although, as suggested by the defendant, the state court may ultimately dismiss Godwin from this action, this court cannot do so under the circumstances.[4] Convenience of the parties is not a sufficient basis for this court to exercise jurisdiction in this matter.

## CONCLUSION

Premised on the foregoing, the plaintiff's motion to remand (doc. 18) is due to be granted. The Clerk of Court will be directed to take the necessary steps to effectuate the remand of this case to the Circuit Court of Walker County, Alabama. An order consistent with the foregoing will be entered.

**DONE**, this the 29th day of May, 2007.

_____
**JOHN E. OTT**
United States Magistrate Judge

---

[4] If, as suggested at the hearing, Sears is not liable under the circumstances, and if Godwin is dismissed, the state court could dismiss the entire action obviating the need for a second removal action.